**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Randy S. Campney

    v.                                              Civil No. 06-cv-353-SM

Superintendent, Bare Hill
Correctional Facility

**O R D E R**

Pro se petitioner Randy S. Campney has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document no. 1)[1]. The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se

---

[1]Campney has filed two habeas petitions with this Court, 06-353-SM and 06-297-JD. Because the record is unclear as to whether the petitions are based upon the same underlying facts, I will not at this time recommend that the petitions be consolidated. See Eiland v. Conway, No. 03 Civ. 4208(GEL), 2004 WL 1961564, at *1 n.1 (S.D.N.Y. Sept. 2, 2004) (directing that two petitions be consolidated, pursuant to Fed. R. Civ. P. 42(a) and Habeas Rule 11, where petitions raised separate claims but were based upon the same underlying facts).

pleadings). Named as the respondent is John J. Donelli, Superintendent of the Bare Hill Correctional Facility ("BHCF").[2]

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Campney

---

[2]Habeas Rule 2 provides, in relevant part:

>   (a) If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.
>
>   (b) If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. . . .

In the instant petition, it is unclear whether Campney is currently serving his New Hampshire sentence in a New York facility, or whether he will begin serving his New Hampshire sentence at the expiration of the sentence imposed upon him by another jurisdiction. For purposes of preliminary review, I will allow the petition to proceed in this Court and liberally construe the petition to name as respondents both Donelli and the Attorney General for the State of New Hampshire. See Maleng v. Cook, 490 U.S. 488, 493 (1989) (prisoner may attack a conviction or sentence for which he is not currently confined but for which he may be subject to future incarceration); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (state prisoner may challenge a detainer lodged against him by filing a habeas petition either in his current state of incarceration or in the state which lodged the detainer against him). See also, Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)(questions as to whether warden of out-of-state correctional facility in which prisoner was incarcerated was properly named as respondent in habeas petition, and whether correctional official of state of conviction was indispensable party, did not deprive district court or court of appeals of jurisdiction).

is entitled to relief. I therefore order him to amend the petition to demonstrate exhaustion of each claim before I will direct that the petition be answered.

**Background**

Convicted on March 23, 2004 by the New Hampshire Superior Court (Hillsborough County) of burglary and theft by unauthorized taking, Campney was sentenced to a term of imprisonment. He is currently incarcerated at the BHCF in Malone, New York. Following his conviction, Campney filed a direct appeal with the New Hampshire Supreme Court ("NHSC"). Although he has not provided this Court with a copy of the appeal, he allegedly raised the following claims: (1) whether the trial court erred in denying his motion in limine to exclude physical evidence when he received inadequate discovery of that evidence; and (2) whether the trial court erred in denying his motion in limine to exclude physical evidence when that evidence was obtained illegally. The NHSC affirmed his conviction on January 25, 2006.

On March 29, 2004, Campney filed a motion to set aside verdicts with the New Hampshire Superior Court (Hillsborough County) in which he raised the following claim: where it was "rational to arrive at two conclusions, one consistent with guilt

and one consistent with innocence," the jury failed to choose the rational conclusion consistent with innocence (citing State v. O'Malley, 120 N.H. 507 (1980)).  See also State v. Newcomb, 140 N.H. 72, 80, 663 A.2d 613, 619 (1995) (holding that if from the circumstantial evidence it is rational to arrive at two conclusions, one consistent with guilt and one consistent with innocence, then [the jury] must cho[o]se the rational conclusion consistent with innocence.")  His motion was denied on April 30, 2004.

On February 23, 2005, Campney filed two additional motions with the superior court.  The first was another motion to set aside verdicts with the superior court in which he raised the following claims: (1) newly discovered evidence; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) denial of due process; (5) violations under Brady and Jencks[3]; and (6) denial of meaningful access to the courts arising from his out-of-state incarceration.  The second was a motion to certify discovery and appoint counsel in which he raised the following claims: (1) newly discovered evidence; (2) denial of meaningful

---

[3]Although the precise issues raised are unclear, Campney appears to have alleged violations under Brady v. Maryland, 373 U.S. 83 (1963) and Jencks v. United States, 353 U.S. 657 (1957).

4

access to the courts arising from his out-of-state incarceration; and (3) denial of due process. Both motions were denied. The record is unclear as to whether the above claims have been presented to the NHSC for review; as to the last motion, Campney concedes that he has not presented the claims to the NHSC for review, allegedly because he is incarcerated out-of-state and unable to obtain the necessary forms.

In the instant petition, he alleges eleven grounds for federal habeas corpus relief:

1. illegal arrest when Campney was arrested without a warrant and without probable cause (Ground 1);

2. illegal search and seizure when the search and seizure was conducted after the arrest, and evidence obtained was used as grounds for the arrest (Ground 2)[4];

3. violations of the Interstate Agreement on Detainers ("IAD"), when:

   a. the trial court refused to dismiss the indictments against Campney after he repeatedly notified New Hampshire of his

---

[4]In amending his petition, Campney is cautioned that habeas corpus relief is not available on a Fourth Amendment claim where the petitioner had a full and fair opportunity to raise the claim in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

            "place of imprisonment" and his request for final disposition to be made on the New Hampshire indictments;

    b.    the State of New York and/or New Hampshire misplaced one of more of the notices, thereby causing Campney to be tried in New Hampshire more than 180 days after "delivery" of the notices;

    c.    the State of New York failed to provide the notice(s) to New Hampshire;

    d.    the trial court acted improperly by granting a continuance without a hearing in open court and outside the presence of both defendant and defense counsel;

    e.    the trial court failed to appoint defense counsel in accordance with the IAD, and the delay prevented a proper defense and discovery;

    f.    the trial court acted improperly by granting defense counsel's request to dismiss the selected jury, despite defendant's request for a trial without further delay;

    g.    the trial court ordered the sentence to run concurrently and failed to credit Campney with time served while he was held under a capias warrant (Ground 3);

4.    denial of due process when Campney was denied timely discovery, including exculpatory evidence, and was forced to obtain this evidence through administrative and civil proceedings (Ground 4);

5.    denial of effective assistance of trial counsel arising from counsel's failure to obtain exculpatory evidence (Ground 5);

6.  denial of effective assistance of appellate counsel (Ground 6);

7.  prosecutorial misconduct arising from the prosecution's failure to provide discovery and misleading the court (Ground 7);

8.  denial of the right to a fair trial when the trial court "sought out a theory of arrest" that was not supported by the court record or set forth by the prosecution (Ground 8);

9.  denial of meaningful access to the courts when Campney was transported to New York while his direct appeal was pending, thereby denying him effective assistance of appellate counsel, preventing him from assisting in the preparation of his appeal and hindering him from appealing his pro se motions (Ground 9)[5];

10. the above-referenced trial errors denied Campney the right to cross examination, the right to effective assistance of trial and appellate counsel and the right to due process (Ground 10); and

11. actual innocence; through administrative and civil proceedings Campney has discovered documents that will demonstrate his actual innocence of the crimes for which he was convicted (Ground 11)[6].

---

[5] Campney is cautioned that a prisoner's claim challenging his ability to gain meaningful access to the courts is a challenge to his conditions of confinement and, therefore, should be brought as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than a petition for a writ of habeas corpus. See Lewis v. Casey, 518 U.S. 343 (1996).

[6] Campney is further cautioned that claims of actual innocence standing alone do not serve as an independent basis for federal habeas relief. See Herrera v. Collins, 506 U.S. 390, 400

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Campney must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see

---

(1993)("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the BHCF and thus is in custody.  However, Campney fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an

application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Campney raises eleven grounds for federal habeas corpus relief. As to each ground raised in the petition, there is no indication that he presented the claims or the federal nature of the claims to the NHSC for review. Accordingly, he has failed to demonstrate exhaustion of state remedies as to claims raised in his federal petition. To demonstrate exhaustion of his claims, Campney must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts). In particular, he should provide this Court with a copy of the notice of appeal filed with the NHSC. He may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his

federal petition.

II. Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court). See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack. Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely"). Accordingly, if

Campney elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Campney an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims. To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days. If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order. I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies. The stay will be issued under the following two conditions:

1. Campney is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.

2. Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Campney must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 12, 2006

cc:   Randy S. Campney, *pro se*