**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Randy S. Campney

    v.                            Civil No. 06-cv-353-SM

Superintendent, Bare Hill
Correctional Facility

**REPORT AND RECOMMENDATION**

Pro se petitioner Randy S. Campney has filed a petition for
a writ of habeas corpus and amendment thereto, pursuant to 28
U.S.C. § 2254, challenging his New Hampshire state court
conviction (document nos. 1, 5 and 7).  The petition is before me
for preliminary review.  See Rule 4 of the Rules Governing § 2254
Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid); see also
United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to
preliminarily review pro se pleadings).  Named as the respondent
is John Donelli, Superintendent of the Bare Hill Correctional
Facility ("BHCF").[1]

---

[1]Habeas Rule 2 provides, in relevant part:

       (a) If the petitioner is currently in custody under
       a state-court judgment, the petition must name as
       respondent the state officer who has custody.

For the reasons stated below, I recommend dismissal of Grounds 1-2, 3(a-d, f-g), 9 and 11 as they fail to state a claim upon which federal habeas corpus relief may be granted.  By separate order issued simultaneously herewith, Campney is ordered to amend his petition to demonstrate exhaustion of Ground 10 or to withdraw that ground and proceed solely on his exhausted claims, Grounds 3(e) and 4-8.

> (b) If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. . . .

In the instant petition, it is unclear whether Campney is currently serving his New Hampshire sentence in a New York facility, or whether he will begin serving his New Hampshire sentence at the expiration of the sentence imposed upon him by another jurisdiction.  For purposes of preliminary review, I will allow the petition to proceed in this Court and liberally construe the petition to name as respondents both Donelli and the Attorney General for the State of New Hampshire.  See Maleng v. Cook, 490 U.S. 488, 493 (1989) (prisoner may attack a conviction or sentence for which he is not currently confined but for which he may be subject to future incarceration); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (state prisoner may challenge a detainer lodged against him by filing a habeas petition either in his current state of incarceration or in the state which lodged the detainer against him).  See also, Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)(questions as to whether warden of out-of-state correctional facility in which prisoner was incarcerated was properly named as respondent in habeas petition, and whether correctional official of state of conviction was indispensable party, did not deprive district court or court of appeals of jurisdiction).

**Background**

Convicted on March 23, 2004 by the New Hampshire Superior Court (Hillsborough County) of burglary and theft by unauthorized taking, Campney was sentenced to a term of imprisonment.  He is currently incarcerated at the BHCF in Malone, New York. Following his conviction, Campney filed a direct appeal with the New Hampshire Supreme Court ("NHSC").  Although he has not provided this Court with a copy of the appeal, he allegedly raised the following claims: (1) whether the trial court erred in denying his motion in limine to exclude physical evidence when he received inadequate discovery of that evidence; and (2) whether the trial court erred in denying his motion in limine to exclude physical evidence when that evidence was obtained illegally.  The NHSC affirmed his conviction on January 25, 2006.

On March 29, 2004, Campney filed a motion to set aside verdicts with the New Hampshire Superior Court (Hillsborough County) in which he raised the following claim: where it was "rational to arrive at two conclusions, one consistent with guilt and one consistent with innocence," the jury failed to choose the rational conclusion consistent with innocence (citing State v. O'Malley, 120 N.H. 507 (1980)).  See also State v. Newcomb, 140

3

N.H. 72, 80, 663 A.2d 613, 619 (1995) (holding that if from the circumstantial evidence it is rational to arrive at two conclusions, one consistent with guilt and one consistent with innocence, then [the jury] must cho[o]se the rational conclusion consistent with innocence.") His motion was denied on April 30, 2004.

On February 23, 2005, Campney filed two additional motions with the superior court.  The first was another motion to set aside verdicts with the superior court in which he raised the following claims: (1) newly discovered evidence; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) denial of due process; (5) violations under <u>Brady</u> and <u>Jencks</u>[2]; and (6) denial of meaningful access to the courts arising from his out-of-state incarceration.  The second was a motion to certify discovery and appoint counsel in which he raised the following claims: (1) newly discovered evidence; (2) denial of meaningful access to the courts arising from his out-of-state incarceration; and (3) denial of due process.  Both motions were denied.

---

[2]Although the precise issues raised are unclear, Campney appears to have alleged violations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Jencks v. United States</u>, 353 U.S. 657 (1957).

Campney subsequently filed a motion to vacate the verdict and dismiss the indictments, which was denied by the superior court on November 14, 2006.  On December 4, 2006, he filed a notice of appeal with the NHSC in which he raised the following claims relevant to this action:

1.  illegal arrest when Campney was arrested without a warrant and without probable cause;

2.  illegal search and seizure when the search and seizure was conducted after the arrest, and evidence obtained was used as grounds for the arrest;

3.  violations of the Interstate Agreement on Detainers ("IAD"), when:

    a.  the trial court refused to dismiss the indictments against Campney after he repeatedly notified New Hampshire of his place of imprisonment and his request for final disposition to be made on the New Hampshire indictments;

    b.  the State of New York and/or New Hampshire misplaced one of more of the notices, thereby causing Campney to be tried in New Hampshire more than 180 days after delivery of the notices;

    c.  the State of New York failed to provide the notice(s) to New Hampshire;

    d.  the trial court failed to appoint defense counsel in accordance with the IAD, and the delay prevented a proper defense and discovery;

      e.   the trial court ordered the sentence to run concurrently and failed to credit Campney with time served while he was held under the capias warrant;

4.   denial of due process when Campney was denied timely discovery, including exculpatory evidence, and was forced to obtain this evidence through administrative and civil proceedings;

5.   denial of effective assistance of trial counsel arising from counsel's failure to obtain exculpatory evidence;

6.   denial of effective assistance of appellate counsel;

7.   prosecutorial misconduct arising from the prosecution's failure to provide discovery and misleading the court;

8.   denial of the right to a fair trial when the trial court sought out a theory of arrest that was not supported by the court record or set forth by the prosecution;

9.   denial of meaningful access to the courts when Campney was transported to New York while his direct appeal was pending, thereby denying him effective assistance of appellate counsel, preventing him from assisting in the preparation of his appeal and hindering him from appealing his pro se motions;

10.  actual innocence; through administrative and civil proceedings Campney has discovered documents that will demonstrate his actual innocence of the crimes for which he was convicted.

The NHSC declined to accept his notice of appeal on January 26, 2007.

6

In the instant petition, Campney raises eleven grounds for federal habeas corpus relief:

1.  illegal arrest when Campney was arrested without a warrant and without probable cause (Ground 1);

2.  illegal search and seizure when the search and seizure was conducted after the arrest, and evidence obtained was used as grounds for the arrest (Ground 2);

3.  violations of the Interstate Agreement on Detainers ("IAD"), when:

    a.  the trial court refused to dismiss the indictments against Campney after he repeatedly notified New Hampshire of his "place of imprisonment" and his request for final disposition to be made on the New Hampshire indictments;

    b.  the State of New York and/or New Hampshire misplaced one of more of the notices, thereby causing Campney to be tried in New Hampshire more than 180 days after "delivery" of the notices;

    c.  the State of New York failed to provide the notice(s) to New Hampshire;

    d.  the trial court acted improperly by granting a continuance without a hearing in open court and outside the presence of both defendant and defense counsel;

    e.  the trial court failed to appoint defense counsel in accordance with the IAD, and the delay prevented a proper defense and discovery;

    f.  the trial court acted improperly by granting

7

>             defense counsel's request to dismiss the
>             selected jury, despite defendant's request
>             for a trial without further delay;
>
>     g.      the trial court ordered the sentence to run
>             concurrently and failed to credit Campney
>             with time served while he was held under a
>             capias warrant (Ground 3);

4.      denial of due process when Campney was denied
        timely discovery, including exculpatory evidence,
        and was forced to obtain this evidence through
        administrative and civil proceedings (Ground 4);

5.      denial of effective assistance of trial counsel
        arising from counsel's failure to obtain
        exculpatory evidence (Ground 5);

6.      denial of effective assistance of appellate
        counsel (Ground 6);

7.      prosecutorial misconduct arising from the
        prosecution's failure to provide discovery and
        misleading the court (Ground 7);

8.      denial of the right to a fair trial when the trial
        court "sought out a theory of arrest" that was not
        supported by the court record or set forth by the
        prosecution (Ground 8);

9.      denial of meaningful access to the courts when
        Campney was transported to New York while his
        direct appeal was pending, thereby denying him
        effective assistance of appellate counsel,
        preventing him from assisting in the preparation
        of his appeal and hindering him from appealing his
        pro se motions (Ground 9);

10.     denial of the right to cross-examine witnesses

(Ground 10)[3]; and

11. actual innocence; through administrative and civil
proceedings Campney has discovered documents that
will demonstrate his actual innocence of the
crimes for which he was convicted (Ground 11).

With the exception of Ground 10, the federal claims are
nearly identical to those raised in his state court appeal.

## Standard of Review

In reviewing a pro se petition, this Court must construe the
pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8,
15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106
(1976)), treating all well-pleaded factual allegations as true
and drawing all reasonable inferences in the litigant's favor,
see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining
that all "well-pleaded factual averments," not bald assertions,
must be accepted as true).  This review ensures that pro se
pleadings are given fair and meaningful consideration.  See
Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

---

[3]Because Ground 10 reiterates claims set forth in Grounds 5–
6, I construe Ground 10 to allege only a denial of the right to
cross-examination.

9

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Campney must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the BHCF and thus is in custody.  For the reasons stated below, he satisfies the exhaustion requirement but only as to Grounds 3(e) and 4-8 of the petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66

10

(requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Campney raises eleven grounds for federal habeas corpus relief. Grounds 3(e) and 4-8 are nearly identical to the claims presented to the NHSC for review and therefore appear to be exhausted. Ground 10 is unexhausted. The remaining grounds are noncognizable for purposes of federal habeas review.

A.   Exhausted Claims

Campney has demonstrated exhaustion of state remedies as to Grounds 3(e) and 4-8, as discussed more fully below. While he could have presented his federal constitutional issues in a more direct and precise manner, his most recent state court appeal was minimally sufficient to apprise the NHSC of the federal

constitutional dimension of his claims.

   1.   Denial of the Right to Counsel
        under the IAD

Ground 3(e) of the petition alleges that Campney was denied the right to counsel under the IAD and that the delay in obtaining counsel prevented him from preparing a proper defense and obtaining discovery.

The Interstate Agreement of Detainers Act, 18 U.S.C. app. § 2 (2000)("IAD"), is a compact entered into by forty-eight states, the District of Columbia, and the federal government to establish procedures for resolution of one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner.  See New York v. Hill, 528 U.S. 110, 111 (2000).  Insofar as it is "'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art I, § 10, cl. 3, the IAD is a federal law subject to federal construction."  Id. (quoting Carchman v. Nash, 473 U.S. 716, 719 (1985)).  Federal habeas review of IAD violations is limited, however, to errors constituting "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  Reed v. Farley, 512 U.S. 339, 348 (1994)(quoting Hill v. United States, 368 U.S.

424, 428 (1962)); <u>accord</u> <u>Cross v. Cunningham</u>, 87 F.3d 586, 587–88
(1st Cir. 1996).  Here, Campney alleges that by refusing to
appoint him counsel in accordance with the IAD, the trial court
impaired his ability to prepare a defense.  The record reveals
that Campney presented the this claim on appeal to the NHSC.
Without making a determination as to whether the denial of
counsel caused a "fundamental defect" resulting in the "complete
miscarriage of justice," I conclude that Campney has demonstrated
exhaustion of Ground 3(e) for purposes of federal habeas review.

    2.   Denial of the Right to Timely
         Discovery and Exculpatory Evidence

    Construed liberally, Ground 4 alleges that Campney was
denied the right to timely discovery, including exculpatory
evidence, in violation of his right to due process and a fair
trial.  A claim that a prosecutor violated state discovery rules
involves an issue of state law and generally is not cognizable
under federal habeas review.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S.
62, 67–68 (1991) (holding that "it is not the province of a
federal habeas court to reexamine state-court determinations on
state-law questions.").  I therefore liberally construe Ground 4
to allege a violation under the Sixth Amendment Compulsory
Process Clause, which affords criminal defendants the right to

13

present competent, reliable and exculpatory evidence.  See Crane
v. Kentucky, 476 U.S. 683, 690 (1986).  The record reveals that
Campney presented the above claim on appeal to the NHSC.
Accordingly, to the extent Campney alleges that he was denied
exculpatory evidence in violation of his right to due process and
a fair trial, I conclude that he has demonstrated exhaustion of
Ground 4 for purposes of federal habeas review.

> 3.   Ineffective Assistance of Counsel
>      at Trial and on Direct Appeal

Construed liberally, Grounds 5 and 6 allege that Campney was
denied the Sixth Amendment right to effective assistance of
counsel at trial and on direct appeal.  See Strickland v.
Washington, 466 U.S. 668, 687-88 (1984)(holding that the Sixth
Amendment guarantees criminal defendants the right to effective
assistance of counsel at trial); Smith v. Ohio Dep't of Rehab.
and Corr., 463 F.3d 426, 433 (6th Cir. 2006) (holding "[t]here is
no doubt that there is a constitutional right to effective
assistance of counsel during a direct appeal as of right.").  The
record reveals that Campney presented each of the above claims on
appeal to the NHSC.  Accordingly, I conclude that he has
demonstrated exhaustion of Grounds 5 and 6 for purposes of
federal habeas review.

4.   Prosecutorial Misconduct

Construed liberally, Ground 7 alleges that Campney was denied the right to due process and a fair trial when the prosecution failed to provide discovery and misled the trial court.  On habeas review, a claim of prosecutorial misconduct is reviewed deferentially.  <u>See</u> <u>Bowling v. Parker</u>, 344 F.3d 487, 512 (6th Cir. 2003) (citing <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986)).  To be cognizable, a prosecutor's comments must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  <u>Darden</u>, 477 U.S. at 181 (citing <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974)); <u>Sullivan v. Warden</u>, 89 F.3d 824 (1st Cir. 1996).  Without making a determination as to whether the alleged prosecutorial misconduct rises to the level of constitutional dimension, I conclude that Campney has demonstrated exhaustion of this claim for purposes of preliminary review.

5.   Denial of the Right to a Fair Trial
     Arising from Trial Court Error

Ground 8 of the petition alleges that Campney was denied the right to a fair trial when the trial court sought out a theory of arrest that was not supported by the court record or set forth by the prosecution.  Construed liberally, Ground 8 alleges that the

trial court error rendered Campney's trial fundamentally unfair. "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." Morgan v. Renico, No. 04-CV-74685-DT, 2007 WL 522703, at *4, (E.D. Mich. Feb. 14, 2007). Without making a determination as to whether the alleged trial court error rises to the level of constitutional dimension, I conclude that Campney has demonstrated exhaustion of this claim for purposes of preliminary review.

     B.   Unexhausted Claim

          1.   Denial of the Right to
                Cross-Examine Witnesses

Construed liberally, Ground 10 alleges that during trial Campney was denied the right to confront and cross-examine witnesses against him. See Michigan v. Lucas, 500 U.S. 145, 156 (1991) (holding that "[t]he right of cross-examination is derived from the Sixth Amendment's language guaranteeing the right of the accused to confront witnesses against him.). There is no indication in the record that Campney presented this claim or the federal nature of the claim to the NHSC for review. Accordingly,

I conclude that he has not demonstrated exhaustion of a federal claim for purposes of preliminary review.

  C. <u>Noncognizable Claims</u>

   1. Illegal Search and Seizure

Ground 1 alleges that Campney was subjected to an illegal arrest when he was arrested without a warrant and without probable cause.  Ground 2 alleges that he was subjected to an illegal search and seizure when the search and seizure was conducted after the arrest, and evidence obtained was used as grounds for his arrest.  I construe both grounds to allege violations of Campney's Fourth Amendment right to be free from illegal search and seizure.

Habeas corpus relief is not available on a Fourth Amendment claim where the petitioner had a full and fair opportunity to raise the claim in state court.  <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); <u>accord</u> <u>Gandarilla v. Artuz</u>, 322 F.3d 182, 185 (2d Cir. 2003)("[T]he merits of a Fourth

Amendment challenge are not reviewable in a federal habeas proceeding if a defendant has had a fair opportunity to litigate that question in State court. . .").

Here, the petition does not present any facts from which this Court could conclude that Campney was not given a full and fair opportunity to litigate his Fourth Amendment claims in the state courts.  To the contrary, the petition indicates that he litigated certain Fourth Amendment claims stemming from an alleged unlawful search and seizure.  For example, in a motion in limine filed on March 1, 2004 in the New Hampshire Superior Court (Hillsborough County), Campney sought to have certain physical evidence excluded at trial on the basis that it was seized without a valid warrant.  With regard to the instant Fourth Amendment claims, Campney has not alleged that he was denied an opportunity to litigate his claims or that he was denied any state corrective process.  I therefore conclude that his Fourth Amendment claims therefore are not reviewable in federal habeas corpus.  Accordingly, I recommend that Grounds 1 and 2 be dismissed.

> ### 2.   Violations Under the Interstate
> Agreement on Detainers

In Grounds 3(a–d, f–g) of the petition, Campney alleges the

following violations under the IAD: (1) the trial court refused to dismiss the indictments against him; (2) the State of New York/New Hampshire misplaced and/or mishandled the notices filed against him, thereby causing a delay in trial of more than 180 days after "delivery" of the notices;[4] (3) the trial court failed to grant a continuance without a hearing in open court and outside the presence of both defendant and defense counsel; (4) the trial court improperly granted defense counsel's request to dismiss the selected jury, despite defendant's request for a trial without further delay; and (5) the trial court ordered the sentence to run concurrently and failed to credit Campney with time served while he was held under the capias warrant.

As mentioned previously, federal habeas review of IAD violations is limited to errors constituting "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed, 512 U.S. at 348 (quoting Hill v. United States, 368 U.S. 424, 428 (1962) and holding that

_____

[4]Campney appears to challenge the speedy trial provision under Article III(a) of the IAD, which "requires that a prisoner against whom a detainer has been lodged be tried within 180 days of the prosecuting State's receipt  of the prison's notice requesting speedy disposition of the charges." Reed, 512 U.S. at 346, n.6 (1994) (citing Fex v. Michigan, 507 U.S. 43 (1993)).

petitioner's Sixth Amendment right to a speedy trial was not violated where, among other things, he never demonstrated that he suffered prejudice from the delay)); <u>accord</u> <u>Cross</u>, 87 F.3d at 587-88 (holding that while the IAD is considered federal law for purposes of habeas corpus, "nonconstitutional claims can be raised on habeas only if the alleged error results in 'a complete miscarriage of justice.'").

Here, nothing in the record suggests that the IAD violations at issue constituted "fundamental defects" or resulted in a "complete miscarriage of justice."  Campney has not alleged that the IAD violations denied him the opportunity to secure a fair trial or actually impaired his ability to prepare a defense or to prosecute his appeal.  Instead, he alleges that his speedy trial rights were violated because he was not tried in accordance with the IAD.  Absent allegations of prejudice, however, his claims are not cognizable under federal habeas review.  <u>See</u> <u>Keeling v. Varner</u>, No. 99-CV-6565 (JBW), 03-MISC-0066 (JBW), 2003 WL 21919433, at *5 (E.D.N.Y. June 17, 2003) (holding that absent a showing of prejudice, petitioner's claim that his speedy trial rights were violated because he was not tried in accordance with the IAD was not cognizable under federal habeas review)

(unpublished), <u>aff'd</u>, 142 Fed. Appx. 506 (2d Cir. 2005); <u>Pizetzky v. AG</u>, 329 F. Supp. 2d 371, 372-73 (E.D.N.Y. 2004) (holding that speedy trial claim under the IAD is not cognizable under federal habeas review).  Accordingly, I conclude that Campney has failed to allege a cognizable claim for purposes of federal habeas review and recommend dismissal of Grounds 3(a-d, f-g).

> 3.   Denial of Meaningful Access to the Courts

Ground 9 alleges that Campney was denied meaningful access to the courts when he was transported to New York while his direct appeal was pending.  This deprivation allegedly prevented him from assisting in the preparation of his appeal and hindered him from appealing his pro se motions.

While prisoners possess the constitutional right of meaningful access to the courts, <u>see</u> <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), a prisoner's claim challenging his ability to gain access to the courts is a challenge to his conditions of confinement and, therefore, should be brought as a civil rights action under 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), rather than a petition for a writ of habeas corpus.  <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996); <u>Lehn v. Holmes</u>, 364 F.3d 862 (7th

Cir. 2004).  Because Campney's claim pertains solely to his
conditions of confinement, I conclude that it is not cognizable
under federal habeas review.  Accordingly, I recommend dismissal
of Ground 9.

       4.   Actual Innocence

In Ground 11 of the petition, Campney alleges that through
administrative and civil proceedings he has discovered documents
that will demonstrate his actual innocence of the crimes for
which he was convicted.  Claims of actual innocence standing
alone do not serve as an independent basis for federal habeas
relief.  See Herrera v. Collins, 506 U.S. 390, 400 (1993)
("Claims of actual innocence based on newly discovered evidence
have never been held to state a ground for federal habeas relief
absent an independent constitutional violation occurring in the
underlying state criminal proceeding.").  Instead, a claim of
actual innocence must be connected to the violation of a federal
constitutional right.  See Schlup v. Delo, 513 U.S. 298, 326–27
(1995)(quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)
(holding that a habeas petitioner must show that a constitutional
violation probably resulted in the conviction of one who is
actually innocent of the crime).  Here, Campney has not connected

his claim of actual innocence to any federal or constitutional right or any independent constitutional violation that occurred in his underlying state criminal proceedings.  Instead, his claim of actual innocence is based solely on new evidence that he discovered through administrative and civil proceedings. Accordingly, I conclude that he has failed to state a cognizable claim for purposes of federal habeas review and recommend that Ground 11 be dismissed.

### Conclusion

For the reasons stated above, I recommend dismissal of Grounds 1-2, 3(a-d, f-g), 9 and 11 as they fail to state a claim upon which federal habeas relief may be granted.  By separate order issued simultaneously herewith, I order Campney to amend his petition to demonstrate exhaustion of Ground 10 or to withdraw that ground and proceed solely on the exhausted claims, Grounds 3(e)and 4-8.

If this report and recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report

and recommendation, or he must properly move to amend the petition.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: March 1, 2007

cc:   Randy S. Campney, pro se

24