**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Randy S. Campney

    v.                                          Civil No. 06-cv-353-SM

Superintendent, Bare Hill
Correctional Facility

**O R D E R**

    Pro se petitioner Randy S. Campney has filed a petition for a writ of habeas corpus and amendment thereto, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document nos. 1, 5 and 7).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  Named as the respondent is John Donelli, Superintendent of the Bare Hill Correctional Facility ("BHCF").

    For the reasons stated in my report and recommendation issued simultaneously herewith, Campney is ordered to amend his petition to demonstrate exhaustion of Ground 10 or to withdraw

this ground and proceed solely on his exhausted claims, Grounds 3(e) and 4-8.  I have recommended dismissal of Grounds 1-2, 3(a-d, f-g), 9 and 11 as they fail to state a claim upon which federal habeas corpus relief may be granted.

Campney may need to return to the state courts to fully present his unexhausted claim and the federal nature of the claim before he can make the required amendment to his federal petition.  The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the

timeliness of a collateral attack. Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely"). Accordingly, if Campney elects to exhaust Ground 10, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above, I will allow Campney an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to Ground 10. In correspondence to this Court, Campney states that his notice of appeal submitted to the New Hampshire Supreme Court ("NHSC") on December 4, 2006 consisted only of four pages. **If, however, the appeal also included a copy of Campney's November 1, 2006 motion to vacate, he should notify this Court as such submission will satisfy the exhaustion requirement with regard to Ground 10.** Otherwise, Campney may demonstrate exhaustion by providing this Court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty

(30) days.

If Ground 10 has not been exhausted, Campney is ordered to notify this Court either (1) that he is withdrawing Ground 10 or (2) that he is proceeding in state court to exhaust this claim. In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order. I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies. The stay will be issued under the following two conditions:

> 1. Campney is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2. Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Campney must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in

dismissal of the petition without prejudice.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: March 1, 2007

cc:    Randy S. Campney, pro se