**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Randy S. Campney, Sr.


        v.                              Civil No. 06-cv-353-SM


Superintendent, Bare Hill
Correctional Facility


## O R D E R


     Pro se petitioner Randy S. Campney, Sr. requests this Court
to lift the stay of federal proceedings and review his petition
for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254
(document nos. 1, 5-7, 12-13 and 16).  The petition is before me
for preliminary review.  See Rule 4 of the Rules Governing § 2254
Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid); see also
United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to
preliminarily review pro se pleadings).

     Named as the respondent is John Donelli, Superintendent of
the Bare Hill Correctional Facility ("BHCF").[1]  For the reasons

---

[1]Habeas Rule 2 provides, in relevant part:

stated below, I order the petition served on the respondents as to Grounds 3(e), 4-8 and 10.

## Background

Convicted on March 23, 2004 by the New Hampshire Superior

---

(a) If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

(b) If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. . . .

In the instant petition, it is unclear whether Campney is currently serving his New Hampshire sentence in a New York facility, or whether he will begin serving his New Hampshire sentence at the expiration of the sentence imposed upon him by another jurisdiction.  For purposes of preliminary review, I will allow the petition to proceed in this Court and liberally construe the petition to name as respondents both Donelli and the Attorney General for the State of New Hampshire.  See Maleng v. Cook, 490 U.S. 488, 493 (1989) (prisoner may attack a conviction or sentence for which he is not currently confined but for which he may be subject to future incarceration); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (state prisoner may challenge a detainer lodged against him by filing a habeas petition either in his current state of incarceration or in the state which lodged the detainer against him).  See also, Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)(questions as to whether warden of out-of-state correctional facility in which prisoner was incarcerated was properly named as respondent in habeas petition, and whether correctional official of state of conviction was indispensable party, did not deprive district court or court of appeals of jurisdiction).

2

Court (Hillsborough County) of burglary and theft by unauthorized taking, Campney was sentenced to a term of imprisonment.  He is currently incarcerated at the BHCF in Malone, New York.  Campney subsequently filed a direct appeal with the New Hampshire Supreme Court ("NHSC"), and his conviction was affirmed on January 25, 2006.

After filing a series of other post-conviction motions with the superior court, Campney filed a motion to vacate the verdict and dismiss the indictments; his motion was denied on November 14, 2006.  He then filed a notice of appeal with the NHSC on December 4, 2006 in which he raised the following claims relevant to this action:

1.    illegal arrest when Campney was arrested without a warrant and without probable cause;

2.    illegal search and seizure when the search and seizure was conducted after the arrest, and evidence obtained was used as grounds for the arrest;

3.    violations of the Interstate Agreement on Detainers ("IAD"), when:

   a.    the trial court refused to dismiss the indictments against Campney after he repeatedly notified New Hampshire of his place of imprisonment and his request for final disposition to be made on the New Hampshire indictments;

3

     b.    the State of New York and/or New Hampshire misplaced one of more of the notices, thereby causing Campney to be tried in New Hampshire more than 180 days after delivery of the notices;

     c.    the State of New York failed to provide the notice(s) to New Hampshire;

     d.    the trial court failed to appoint defense counsel in accordance with the IAD, and the delay prevented a proper defense and discovery;

     e.    the trial court ordered the sentence to run concurrently and failed to credit Campney with time served while he was held under the capias warrant;

4.    denial of due process when Campney was denied timely discovery, including exculpatory evidence, and was forced to obtain this evidence through administrative and civil proceedings;

5.    denial of effective assistance of trial counsel arising from counsel's failure to obtain exculpatory evidence;

6.    denial of effective assistance of appellate counsel;

7.    prosecutorial misconduct arising from the prosecution's failure to provide discovery and misleading the court;

8.    denial of the right to a fair trial when the trial court sought out a theory of arrest that was not supported by the court record or set forth by the prosecution;

9.    denial of meaningful access to the courts when Campney was transported to New York while his

direct appeal was pending, thereby denying him
effective assistance of appellate counsel,
preventing him from assisting in the preparation
of his appeal and hindering him from appealing his
pro se motions;

10. actual innocence; through administrative and civil
proceedings Campney has discovered documents that
will demonstrate his actual innocence of the
crimes for which he was convicted.

The NHSC declined to accept his notice of appeal on January 26,
2007.

Campney filed the instant petition on September 20, 2006 in
which he raised the following eleven grounds for federal habeas
corpus relief:

1. illegal arrest when Campney was arrested without a
warrant and without probable cause (Ground 1);

2. illegal search and seizure when the search and
seizure was conducted after the arrest, and
evidence obtained was used as grounds for the
arrest (Ground 2);

3. violations of the Interstate Agreement on
Detainers ("IAD"), when:

a. the trial court refused to dismiss the
indictments against Campney after he
repeatedly notified New Hampshire of his
"place of imprisonment" and his request for
final disposition to be made on the New
Hampshire indictments;

b. the State of New York and/or New Hampshire
misplaced one of more of the notices, thereby
causing Campney to be tried in New Hampshire

more than 180 days after "delivery" of the notices;

    c.    the State of New York failed to provide the notice(s) to New Hampshire;

    d.    the trial court acted improperly by granting a continuance without a hearing in open court and outside the presence of both defendant and defense counsel;

    e.    the trial court failed to appoint defense counsel in accordance with the IAD, and the delay prevented a proper defense and discovery;

    f.    the trial court acted improperly by granting defense counsel's request to dismiss the selected jury, despite defendant's request for a trial without further delay;

    g.    the trial court ordered the sentence to run concurrently and failed to credit Campney with time served while he was held under a capias warrant (Ground 3);

4.    denial of due process when Campney was denied timely discovery, including exculpatory evidence, and was forced to obtain this evidence through administrative and civil proceedings (Ground 4);

5.    denial of effective assistance of trial counsel arising from counsel's failure to obtain exculpatory evidence (Ground 5);

6.    denial of effective assistance of appellate counsel (Ground 6);

7.    prosecutorial misconduct arising from the prosecution's failure to provide discovery and misleading the court (Ground 7);

8.    denial of the right to a fair trial when the trial
      court "sought out a theory of arrest" that was not
      supported by the court record or set forth by the
      prosecution (Ground 8);

9.    denial of meaningful access to the courts when
      Campney was transported to New York while his
      direct appeal was pending, thereby denying him
      effective assistance of appellate counsel,
      preventing him from assisting in the preparation
      of his appeal and hindering him from appealing his
      pro se motions (Ground 9);

10.   denial of the right to cross-examine witnesses
      (Ground 10)[2]; and

11.   actual innocence; through administrative and civil
      proceedings Campney has discovered documents that
      will demonstrate his actual innocence of the
      crimes for which he was convicted (Ground 11).

With the exception of Ground 10, his federal claims are identical

to the claims raised in his initial state court appeal.

     Given that Campney's federal petition contained one

unexhausted claim, this Court stayed the proceedings and held the

petition in abeyance, thereby affording him an opportunity to

exhaust state remedies as to Ground 10.  In addition, this Court

recommended dismissal of Grounds 1-2, 3(a-d, f-g), 9 and 11 for

failure to state a claim upon which federal habeas corpus relief

may be granted (document nos. 10 and 15).  The recommendations

_____

     [2]Because Ground 10 reiterates claims set forth in Grounds 5-
6, I construe Ground 10 to allege only a denial of the right to
cross-examination.

were approved on May 4, 2007 (document no. 17).

In an attempt to exhaust Ground 10, Campney filed an appeal with the NHSC on March 16, 2007 and raised the following claim: whether the trial court erred in denying his motion to vacate when Campney was denied of the right to cross-examine witnesses. The NHSC denied his appeal on April 12, 2007, holding that to the extent Campney sought review of any order issued by the superior court from 2004 through 2006, his appeal was denied as untimely. The court further held that to the extent Campney intended to file a petition for original jurisdiction, his petition was dismissed without prejudice to Campney seeking relief from the superior court.  Having requested this Court to lift the stay of proceedings (document no. 16), Campney now seeks preliminary review his petition.

### Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining

that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Campney must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the BHCF and thus is in custody.   For the reasons stated below, he satisfies the exhaustion requirement but only as to Grounds 3(e), 4-8 and 10 of the petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  <u>See</u> <u>Clements v.</u> <u>Maloney</u>, No. 05-2411, 2007 WL 1241253, at *3 (1st Cir. Apr. 30, 2007); <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988), <u>cert.</u>

denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365–66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Campney raises eleven grounds for federal habeas corpus relief.  As previously mentioned, Grounds 1–2, 3(a–d, f–g), 9 and 11 of the petition were dismissed for failure to state a claim upon which federal habeas corpus relief may be granted (document nos. 10, 15 and 17).  For the reasons stated below, the remaining claims are exhausted for purposes of preliminary review.

A.   <u>Exhausted Claims</u>

Grounds 3(e), 4-8 and 10 are similar to the claims presented by Campney in his appeals presented to the NHSC for review and therefore appear to be exhausted.  While Campney could have presented his federal constitutional issues in a more direct and precise manner, his state court appeals were minimally sufficient to apprise the NHSC of the federal constitutional dimension of his claims.

1.   Denial of the Right to Counsel
     under the IAD

Ground 3(e) of the petition alleges that Campney was denied the right to counsel under the IAD and that the delay in obtaining counsel prevented him from preparing a proper defense and obtaining discovery.

The Interstate Agreement of Detainers Act, 18 U.S.C. app. § 2 (2000)("IAD"), is a compact entered into by forty-eight states, the District of Columbia, and the federal government to establish procedures for resolution of one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner.  <u>See</u> <u>New York v. Hill</u>, 528 U.S. 110, 111 (2000).  Insofar as it is "'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art I, § 10, cl. 3, the

IAD is a federal law subject to federal construction." Id.
(quoting Carchman v. Nash, 473 U.S. 716, 719 (1985)).  Federal
habeas review of IAD violations is limited, however, to errors
constituting "a fundamental defect which inherently results in a
complete miscarriage of justice [or] an omission inconsistent
with the rudimentary demands of fair procedure." Reed v. Farley,
512 U.S. 339, 348 (1994)(quoting Hill v. United States, 368 U.S.
424, 428 (1962)); accord Cross v. Cunningham, 87 F.3d 586, 587–88
(1st Cir. 1996).  Here, Campney alleges that by refusing to
appoint him counsel in accordance with the IAD, the trial court
impaired his ability to prepare a defense.  The record reveals
that Campney presented this claim on appeal to the NHSC.  Without
making a determination as to whether the denial of counsel caused
a "fundamental defect" resulting in the "complete miscarriage of
justice," I conclude that Campney has demonstrated exhaustion of
Ground 3(e) for purposes of federal habeas review.

> 2.   Denial of the Right to Timely
>      Discovery and Exculpatory Evidence

Construed liberally, Ground 4 alleges that Campney was
denied the right to timely discovery, including exculpatory
evidence, in violation of his right to due process and a fair
trial.  A claim that a prosecutor violated state discovery rules

12

involves an issue of state law and generally is not cognizable under federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state–court determinations on state–law questions.").  I therefore liberally construe Ground 4 to allege that Campney was denied exculpatory evidence in violation of his federally protected rights to due process and a fair trial.  Because the record demonstrates that he presented this claim on appeal to the NHSC, I conclude that he has demonstrated exhaustion of Ground 4 for purposes of federal habeas review.

> 3.   Ineffective Assistance of Counsel
>      at Trial and on Direct Appeal

Construed liberally, Grounds 5 and 6 allege that Campney was denied the Sixth Amendment right to effective assistance of counsel at trial and on direct appeal.  See Strickland v. Washington, 466 U.S. 668, 687–88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial); Smith v. Ohio Dep't of Rehab. and Corr., 463 F.3d 426, 433 (6th Cir. 2006) (holding "[t]here is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right.").  The

record reveals that Campney presented each of the above claims on appeal to the NHSC.  Accordingly, I conclude that he has demonstrated exhaustion of Grounds 5 and 6 for purposes of federal habeas review.

       4.   Prosecutorial Misconduct

Construed liberally, Ground 7 alleges that Campney was denied the right to due process and a fair trial when the prosecution failed to provide discovery and misled the trial court.  On habeas review, a claim of prosecutorial misconduct is reviewed deferentially.  <u>See</u> <u>Bowling v. Parker</u>, 344 F.3d 487, 512 (6th Cir. 2003) (citing <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986)).  Without making a determination as to whether the alleged prosecutorial misconduct rises to the level of constitutional dimension, I conclude that Campney has demonstrated exhaustion of this claim for purposes of preliminary review.

       5.   Denial of the Right to a Fair Trial
           Arising from Trial Court Error

Ground 8 of the petition alleges that Campney was denied the right to a fair trial when the trial court sought out a theory of arrest that was not supported by the court record or set forth by the prosecution.  Construed liberally, Ground 8 alleges that the

trial court error rendered Campney's trial fundamentally unfair. "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." Morgan v. Renico, No. 04-CV-74685-DT, 2007 WL 522703, at *4, (E.D. Mich. Feb. 14, 2007).  Without making a determination as to whether the alleged trial court error rises to the level of constitutional dimension, I conclude that Campney has demonstrated exhaustion of this claim for purposes of preliminary review.

> 6.   Denial of the Right to
>      Cross-Examine Witnesses

Construed liberally, Ground 10 alleges that during trial Campney was denied the right to confront and cross-examine witnesses against him.  See Michigan v. Lucas, 500 U.S. 145, 156 (1991) (holding that "[t]he right of cross-examination is derived from the Sixth Amendment's language guaranteeing the right of the accused to confront witnesses against him.).

The record indicates that Campney presented this claim in an appeal filed with the NHSC on March 16, 2007, which was denied on April 12, 2007 as untimely.  Without commenting on the timeliness

of Campney's state court appeal, I conclude that for purposes of preliminary review he has demonstrated exhaustion of Ground 10.

## Conclusion

For the reasons stated above, I order the petition served on the respondents as Grounds 3(e), 4-8 and 10.

Accordingly, the petition shall be served on the Warden of the BHCF, as the person having current custody of Campney, and the Attorney General of the State of New Hampshire, the state where the judgment at issue was entered.   <u>See</u> Habeas Rule 2.

As to the Warden of the BHCF, the Clerk's Office is directed to forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's Office") copies of this order and portions[3] of the habeas corpus petition (document nos. 1, 5-6, 7-1, 12-13 and 16).

Upon receipt of the necessary documentation, the U.S. Marshal's Office shall effect service upon respondent by delivering the documents to be served to the Warden of the BHCF. <u>See</u> Fed. R. Civ. P. 4(e).

The Clerk's Office is further directed to serve the New

---

[3]Due to the voluminous supporting documents, the court is only providing copies of the aforementioned documents.

16

Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this order and portions of the habeas corpus petition (document nos. 1, 5-6, 7-1, 12-13 and 16).

Respondents shall answer or otherwise plead within thirty (30) days of the date of this order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 7, 2007

cc:   Randy S. Campney, Sr. pro se

17