UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Randy S. Campney, Sr.,
     Petitioner

     v.                              Civil No. 06-cv-353-SM
                                       Opinion No. 2009 DNH 093
Superintendent, Bare Hill
Correctional Facility,
     Respondent

## O R D E R

As a result of a previous order (document no. 34), Randy Campney's petition for a writ of habeas corpus rests upon two asserted grounds for relief.  Before the court is respondent's motion for summary judgment, to which petitioner has not objected.  For the reasons given, respondent's motion for summary judgment is granted.

## The Legal Standard

Federal habeas corpus relief may be granted "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), has significantly limited the power of the federal courts to grant habeas corpus relief to state prisoners.

When a petitioner's claim "was adjudicated on the merits in State court proceedings," id., a federal court may disturb a state conviction only when: (1) the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); or (2) the state court's resolution of the issues before it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 399 (2000).

"AEDPA's strict standard of review only applies to a claim that was adjudicated on the merits in state court proceedings." Norton v. Spencer, 351 F.3d 1, 5 (1st Cir. 2003) (quoting Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001); citing Ellsworth v. Warden, 333 F.3d 1, 6 (1st Cir. 2003)). "When the state court has never addressed the particular federal claim at issue, federal review is de novo." Dugas v. Coplan, 506 F.3d 1, 7 (1st Cir. 2007) (citing Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007)). "As [the court of appeals for this circuit has] noted, a federal court 'can hardly defer to the state court on an issue that the state court did not address.'" Dugas, 506 F.3d at 7 (quoting Fortini, 257 F.3d at 47). Here, both claims are subject

2

to de novo review, as they were rejected by the state courts without discussion.

## Discussion

Petitioner's two remaining grounds for relief have been construed by the magistrate judge to be as follows: (1) a claimed violation of the Interstate Agreement on Detainers ("IAD"), occurring when the trial court failed to appoint defense counsel in accordance with the IAD, and that delay prevented proper discovery and defense (original Ground 3(e)); and (2) a claimed denial of effective assistance of appellate counsel (original Ground 6).

Petitioner contends that the trial court failed to appoint defense counsel in accordance with the IAD. But, he does not identify any IAD provision that pertains to the appointment of counsel, and the court has been unable to find such a provision. Because nothing the trial court could have done regarding the appointment of counsel could have violated the IAD, petitioner's IAD-based ground for relief does not state a habeas claim. Accordingly, respondent is entitled to judgment as a matter of law on that claim.

Petitioner's remaining ground for relief is his claim that
he was "denied effective assistance of appellate counsel because
of incomplete records and the inability of the [petitioner] to
communicate in a meaningful way with his appellate counsel due to
his out-of-state incarceration" and because "Appellate Counsel
failed to raise several issues even though trial counsel placed
them upon the Notice of Appeal."  (Pet. (document no. 1), at 16.)
As noted, petitioner has filed no objection to respondent's
motion for summary judgment, which leaves the petition itself as
the only exposition of his claims.  The petition does not
identify: (1) the records that were allegedly incomplete, the
effect that incomplete records had on his appeal, or his
counsel's role in obtaining (or not obtaining) the records in
question; (2) the scope or extent of the claimed inability to
communicate, the effect that lack of communication had on his
appeal, or anything his counsel failed to do in order to maintain
adequate communication; or (3) the specific issues his appellate
counsel failed to raise, or the effect of his counsel's decision
to drop some of the issues raised in the notice of appeal.

"A criminal defendant claiming a Sixth Amendment ineffective
assistance of counsel violation must establish that (1)
'counsel's representation fell below an objective standard of
reasonableness,' and (2) 'a reasonable probability that, but for

4

counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Knight v. Spencer</u>, 447 F.3d 6, 15 (1st Cir. 2006) (quoting <u>Smiley v. Maloney</u>, 422 F.3d 17, 20 (1st Cir. 2005); citing <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984)).  With regard to the first prong of the test:

> This is a highly deferential review, making every effort to "eliminate the distorting effects of hindsight." [<u>Strickland</u>, 466 U.S.] at 689.  As the Supreme Court emphasized in <u>Yarborough v. Gentry</u>, the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." 540 U.S. 1, 8 (2003).  When examining counsel's conduct, the court considers the facts of the particular case from counsel's perspective at the time. <u>Strickland</u>, 466 U.S. at 690.  Counsel has "wide latitude in deciding how best to represent a client," <u>Gentry</u>, 540 U.S. at 5-6, and benefits from a strong presumption that he or she rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions.  <u>Strickland</u>, 466 U.S. at 690.

<u>Sleeper v. Spencer</u>, 510 F.3d 32, 38-39 (1st Cir. 2007) (parallel citations omitted).  With regard to the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 39 (citation omitted). Moreover, while petitioner must prove both deficient performance and prejudice to prevail, <u>Id.</u> at 38, "a reviewing court need not address both requirements if the evidence as to either is lacking.  As the Supreme Court has recognized, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that

5

course should be followed.'"  Id. at 39 (quoting Strickland, 466
U.S. at 697).

Of the three factual bases for petitioner's ineffective
assistance claim, the first two are plainly deficient.
Petitioner says he received ineffective assistance because of
"incomplete records."  Not only does the petition fail to
identify the records that were incomplete, it fails to identify
any specific action or inaction on the part of petitioner's
appellate counsel that resulted in or from the incomplete records
of which he complains.  Without any allegation concerning what
his appellate counsel did or did not do regarding "records,"
petitioner has alleged no facts which, if proven, would establish
that his "counsel's representation fell below an objective
standard of reasonableness," or that there is "a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."  Knight, 447
F.3d at 15.

Such is also the case regarding petitioner's claim that he
received ineffective assistance because of his inability to
communicate effectively with his appellate counsel.  Difficulty
in communication due to petitioner's out-of-state incarceration

does not, standing alone, rise to the level of ineffective
representation.

Petitioner's final contention is that his appellate counsel
was ineffective because he failed to brief several issues that
were listed in his notice of appeal.  "[T]he proper standard for
evaluating [a] claim that appellate counsel was ineffective in
neglecting to file a merits brief is that enunciated in
Strickland." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing
Smith v. Murray, 477 U.S. 527, 535–36 (1986)).  With regard to
the first prong of the Strickland test, "the process of winnowing
out weaker claims on appeal and focusing on those more likely to
prevail, far from being evidence of incompetence, is the hallmark
of effective appellate advocacy." Burger v. Kemp, 483 U.S. 776,
784 (1987) (quoting Smith v. Murray, 477 U.S. at 536) (internal
quotation marks omitted).

Petitioner's notice of appeal to the New Hampshire Supreme
Court listed eleven issues.  His brief addressed two (or perhaps
three) of the eleven.  Of the issues that were noticed but not
briefed, petitioner does not identify any issue or issues that
were not briefed but should have been.  That is, petitioner's
claim is not that his appellate counsel failed to brief any
particular issue or issues that, if presented to the state

7

Supreme Court, would have likely resulted in material relief. Rather, he appears to claim that his counsel's failure to brief all the issues raised in his notice of appeal resulted in an unfavorable appellate decision, one that would have gone the other way if his counsel had not chosen to drop some of the issues raised in the notice of appeal.  That argument is untenable, given the strong presumption of adequate assistance and reasonable professional judgment, see Strickland, 466 U.S. at 690, and the teaching of Burger that the winnowing of claims on appeal is "the hallmark of effective appellate advocacy," 483 U.S. at 784.  In short, petitioner's appellate counsel's decision to pursue only some of the issues listed in the notice of appeal did not, standing alone, fall "below an objective standard of reasonableness."  Knight, 447 F.3d at 15.  Accordingly, respondent is entitled to judgment as a matter of law on petitioner's ineffective assistance claim.


## Conclusion

For the reasons given, respondent's motion for summary judgment (document no. 45) is granted.  The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____

Steven J. McAuliffe
Chief Judge

June 24, 2009

cc:  Randy S. Campney, Sr., <u>pro</u> <u>se</u>
     Elizabeth C. Woodcock, Esq.
     Stephen D. Fuller, Esq.
     John C. Vinson, Esq.